**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** ORANGE
-------------------------------------------------------------------x
LAUREN FUAT

Plaintiff/Petitioner,

- against -                                    Index No. EF000966-2021

WALMART, INC. MIDDLETOWN I RESOURCES LP
and NATIONAL REALTY AND DEVELOPMENT
CORP.

Defendant/Respondent.
-------------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

● **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

● **If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

● serving and filing your documents electronically

● free access to view and print your e-filed documents

● limiting your number of trips to the courthouse

● paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

● visit: www.nycourts.gov/efile-unrepresented or
● contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: February 16, 2021

Kathleen Morton Esq.
         Name

Sobo & Sobo LLP
         Firm Name

One Dolson Avenue
         Address

Middletown, NY 10940

845-343-7626
         Phone

kmorton@scbolaw.com
         E-Mail

To:   WALMART, INC.

MIDDLETOWN I RESOURCES LP,
NATIONAL REALTY AND DEVELOPMENT CORP.

6/6/18

Index  #                     Page 2  of 2                     EFM-1



# NYSCEF - Orange County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 02/16/2021 11:57 AM. Please keep this notice as a confirmation of this filing.

**EF000966-2021**
**LAUREN FUAT v. WALMART, INC. et al**
**Assigned Judge: None Recorded**

## Documents Received on   02/16/2021 11:57 AM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |

## Filing User

Gregory Marc Sobo | efile@sobolaw.com | 845-343-7626
1 Dolson Ave, Middletown, NY 10940

## E-mail Notifications

An email regarding this filing has been sent to the following on 02/16/2021 11:57 AM:

**GREGORY M. SOBO - efile@sobolaw.com**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | WALMART, INC. | No consent on record. |
| Respondent | MIDDLETOWN I RESOURCES LP | No consent on record. |
| Respondent | NATIONAL REALTY AND DEVELOPMENT CORP. | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Annie Rabbitt, County Clerk**
Phone: (845) 291-2690      Fax: 845-291-2691 (fax)      Website: http://www.orangecountygov.com/153/County-Clerk

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 2



# NYSCEF - Orange County Supreme Court
## Confirmation Notice

**EF000966-2021**
**LAUREN FUAT v. WALMART, INC. et al**
**Assigned Judge: None Recorded**

**Annie Rabbitt, County Clerk**
Phone: (845) 291-2690      Fax: 845-291-2691 (fax)      Website: http://www.orangecountygov.com/153/County-Clerk

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 2 of 2

FILED: ORANGE COUNTY CLERK 02/15/2021 10:51 AM

NYSCEF DOC. NO. 1

INDEX NO. EF000966-2021

RECEIVED NYSCEF: 02/16/2021

Plaintiff designates
Orange County
as the place of trial.

The basis of venue is the
Plaintiff's residence address.
New Windsor, NY 12553

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------X
LAUREN FUAT,

                          Plaintiff,                              **SUMMONS**

     -against-                                                    **INDEX No.:**

WALMART, INC., MIDDLETOWN I RESOURCES LP,
and NATIONAL REALTY AND DEVELOPMENT
CORP.

                          Defendants.
-----------------------------------------------------------X
To the above-named defendants:

     YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the plaintiff's attorneys within - 20- days after the
service of this summons, exclusive of the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the State of
New York); and in case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded in the complaint.

                          **SOBO & SOBO, LLP**


                          JUNE C.M. COLTHIRST, ESQ.
                          Attorneys for Plaintiff
                          One Dolson Avenue
                          Middletown, NY 10940
                          (845) 343-0466

Dated: February 15, 2021
          Middletown, New York

Defendants' addresses: See Complaint

FILED: ORANGE COUNTY CLERK 02/15/2021 10:51 AM

NYSCEF DOC. NO. 1

INDEX NO. EF000966-2021

RECEIVED NYSCEF: 02/16/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

----------------------------------------------------------------X

LAUREN FUAT,

                                   Plaintiff,                          **VERIFIED
                                                                      COMPLAINT**

          -against-
                                                                      **Index No.:**

WALMART, INC.,MIDDLETOWN I RESOURCES LP,
and NATIONAL REALTY AND DEVELOPMENT
CORP.

                              Defendants.

----------------------------------------------------------------X

Plaintiff, LAUREN FUAT, by her attorneys, SOBO & SOBO, L.L.P., as and for

the Verified Complaint, herein alleges the following:

1.  That at all times hereinafter mentioned, the plaintiff was and still is a resident

of the County of Orange, State of New York.

2.  That at all times hereinafter mentioned, upon information and belief, the

defendant, WALMART, INC., was and still is a domestic corporation organized and

existing under and by virtue of the Laws of the State of New York.

3.  That at all times hereinafter mentioned, upon information and belief, the

Defendant, WALMART, INC., was and still is a foreign corporation duly authorized to

do business within the State of New York.

4.  That at all times hereinafter mentioned, upon information and belief, the

Defendant, WALMART, INC., was and still is a business entity doing business within

the State of New York.

FILED: ORANGE COUNTY CLERK 02/15/2021 10:51 AM
NYSCEF DOC. NO. 1

INDEX NO. EF000966-2021
RECEIVED NYSCEF: 02/16/2021

5.   That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC., was the owner of a certain premises located at 470 Route 211 East, City of Middletown, County of Orange, State of New York, known as "WALMART."

6.   That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC., maintained the aforesaid premises.

7.   That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC., managed the aforesaid premises.

8.   That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC., controlled the aforesaid premises.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC., operated the aforesaid premises.

10.  That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC., was the lessee of the aforesaid premises.

11.   That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC., was the lessor of the aforesaid premises.

12.   That at all times hereinafter mentioned, upon information and belief, the defendant, MIDDLETOWN I RESOURCE LP, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

13.   That at all times hereinafter mentioned, upon information and belief, the Defendant, MIDDLETOWN I RESOURCE LP, was and still is a foreign corporation duly authorized to do business within the State of New York.

2

FILED: ORANGE COUNTY CLERK 02/15/2021 10:51 AM

NYSCEF DOC. NO. 1

INDEX NO. EF000966-2021

RECEIVED NYSCEF: 02/16/2021

14. That at all times hereinafter mentioned, upon information and belief, the Defendant, MIDDLETOWN I RESOURCE LP, was a still is a business entity doing business within the State of New York.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, MIDDLETOWN I RESOURCE LP, was the owner of a certain premises located at 470 Route 211 East, City of Middletown, County of Orange, State of New York, known as "WALMART."

16. That at all times hereinafter mentioned, upon information and belief, the defendant, MIDDLETOWN I RESOURCE LP, maintained the aforesaid premises.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, MIDDLETOWN I RESOURCE LP, managed the aforesaid premises.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, MIDDLETOWN I RESOURCE LP, controlled the aforesaid premises.

19. That at all times hereinafter mentioned, upon information and belief, the defendant, MIDDLETOWN I RESOURCE LP, operated the aforesaid premises.

20. That at all times hereinafter mentioned, upon information and belief, the defendant, MIDDLETOWN I RESOURCE LP, was the lessee of the aforesaid premises.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, MIDDLETOWN I RESOURCE LP, was the lessor of the aforesaid premises.

22. That at all times hereinafter mentioned, upon information and belief, the defendant, NATIONAL REALTY AND DEVELOPMENT CORP., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

3

FILED: ORANGE COUNTY CLERK 02/15/2021 10:51 AM
NYSCEF DOC. NO. 1

INDEX NO. EF000966-2021
RECEIVED NYSCEF: 02/16/2021

23. That at all times hereinafter mentioned, upon information and belief, the Defendant, NATIONAL REALTY AND DEVELOPMENT CORP., was and still is a foreign corporation duly authorized to do business within the State of New York.

24. That at all times hereinafter mentioned, upon information and belief, the Defendant, NATIONAL REALTY AND DEVELOPMENT CORP., was and still is a business entity doing business within the State of New York.

25. That at all times hereinafter mentioned, upon information and belief, the defendant, NATIONAL REALTY AND DEVELOPMENT CORP., was the owner of a certain premises located at 470 Route 211 East, City of Middletown, County of Orange, State of New York, known as "Walmart."

26. That at all times hereinafter mentioned, upon information and belief, the defendant, NATIONAL REALTY AND DEVELOPMENT CORP., maintained the aforesaid premises.

27. That at all times hereinafter mentioned, upon information and belief, the defendant, NATIONAL REALTY AND DEVELOPMENT CORP., managed the aforesaid premises.

28. That at all times hereinafter mentioned, upon information and belief, the defendant, NATIONAL REALTY AND DEVELOPMENT CORP., controlled the aforesaid premises.

29. That at all times hereinafter mentioned, upon information and belief, the defendant, NATIONAL REALTY AND DEVELOPMENT CORP., operated the aforesaid premises.

4

FILED: ORANGE COUNTY CLERK 02/15/2021 10:51 AM

NYSCEF DOC. NO. 1

INDEX NO. EF000966-2021

RECEIVED NYSCEF: 02/16/2021

30.  That at all times hereinafter mentioned, upon information and belief, the defendant, NATIONAL REALTY AND DEVELOPMENT CORP., was the lessee of the aforesaid premises.

31.  That at all times hereinafter mentioned, upon information and belief, the defendant, NATIONAL REALTY AND DEVELOPMENT CORP., was the lessor of the aforesaid premises.

32.  That at all times hereinafter mentioned, the women's restroom, located on the aforesaid premises was the situs of the within accident.

33.  That on the 2nd day of November, 2018, while this plaintiff was lawfully upon the aforesaid premises, she was caused to be precipitated to the ground, thereby sustaining severe and serious personal injuries.

34.  The negligent, wanton, reckless and careless acts of the defendants, their agents, servants and/or employees were a cause of the accident and resultant injuries.

35.  That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous, slippery and/or unsafe conditions to exist on the aforesaid premises; in acting with reckless disregard for the safety of others; defendants were negligent, reckless and careless in mopping the bathroom and not placing cautionary signs to warn customers of wet condition of floor; in negligent hiring; in negligent training; in hiring inept, inadequate, dangerous and/or incompetent employees; in negligent supervision; in negligent retention of an incompetent and/or dangerous employee; and the Defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

5

FILED: ORANGE COUNTY CLERK 02/15/2021 10:51 AM

NYSCEF DOC. NO. 1

INDEX NO. EF000966-2021

RECEIVED NYSCEF: 02/16/2021

36.    That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof and further, the defendants, their agents, servants and/or employees created said condition.

37.    The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

38.    That by reason of the foregoing, this plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function.   Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the plaintiff further was caused to lose substantial periods of time from her normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

39.    That by reason of the foregoing, this plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, as follows:

6

FILED: ORANGE COUNTY CLERK 02/15/2021 10:51 AM
NYSCEF DOC. NO. 1

INDEX NO. EF000966-2021
RECEIVED NYSCEF: 02/16/2021

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

DATED: February 15, 2021
Middletown, New York

JUNE C.M. COLTHIRST, ESQ.
SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, NY 10940
(845) 343-0466

TO:     WALMART, INC.
        c/o CT Corporation System
        28 Liberty Street
        New York, NY 10005

        MIDDLETOWN I RESOURCE LP
        3 Manhattanville Road
        Purchase, NY 10577

        NATIONAL REALTY AND DEVELOPMENT CORP.
        3 Manhattanville Road
        Purchase, NY 10577

7

FILED: ORANGE COUNTY CLERK 02/15/2021 10:51 AM

NYSCEF DOC. NO. 1

INDEX NO. EF000966-2021

RECEIVED NYSCEF: 02/16/2021

## VERIFICATION

STATE OF NEW YORK  )
                     ) SS:
COUNTY OF ORANGE  )

LAUREN FUAT, being duly sworn says; I am the plaintiff in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

LAUREN FUAT

Sworn to before me on this
10 Nov , 2020

NOTARY PUBLIC

FUNSHO ILORI
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02IL6399023
Qualified in Orange County
Commission Expires October 15, 2023

8

Case 7:21-cv-05778-NSR   Document 1-1   Filed 07/06/21   Page 14 of 17

WM 21-179 PC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-----------------------------------------------------------------X

LAUREN FUAT,                                                **Index No.: EF000966-2021**

              Plaintiff,

    -against-                                           **<u>VERIFIED ANSWER</u>**

WALMART, INC., MIDDLETOWN I RESOURCES
LP, AND NATIONAL REALTY AND
DEVELOPMENT CORP.,

              Defendants.

-----------------------------------------------------------------X

        The defendant, WAL-MART STORES EAST, LP I/S/H/A WALMART, INC., by

its attorneys, BRODY O'CONNOR & O'CONNOR, answering the Verified Complaint herein

states upon information and belief:

              1: Defendant denies having knowledge or information sufficient to form a

belief as to the allegations set forth in paragraph marked "1" and each and every part thereof.

              2: Defendant denies the allegations set forth in paragraph marked "2" and

each and every part thereof.

              3: Defendant denies the allegations set forth in paragraphs marked "3" and

"4" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership

registered to do and doing business in the State of New York.

              4: Defendant denies the allegations set forth in paragraph marked "5" and

each and every part thereof.

              5: Defendant denies the allegation set forth in paragraphs marked "6", "7" and

"8" and refers all questions of law to the trial court.

6: Defendant denies the allegations set forth in paragraphs marked "9" and "10" except admits that WAL-MART STORES EAST, LP is the operator of the Middletown Walmart store.

7: Defendant denies the allegations set forth in paragraph marked "11" and each and every part thereof.

8: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32" and "33" and each and every part thereof.

9: Defendant denies the allegations set forth in paragraphs marked "34", "35" and "36" and each and every part thereof.

10: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "37" and refers all questions of law to the trial court.

11: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "38" and "39" and each and every part thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13: In the event that plaintiff recovers judgment against this answering

defendant and it is determined that plaintiff's damages was caused in whole or in part by two

or more joint tortfeasors, then defendant's liability herein for non-economic loss may not

exceed its equitable share of said damages in accordance with its relative culpability, as

provided by Section 1601 of the CPLR.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14: Plaintiff's recovery, if any shall be reduced by the amount of any

collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP I/S/H/A

WALMART, INC., requests judgment dismissing the Complaint herein, together with costs and

disbursements of this action.

Dated: Northport, New York
        February 26, 2021

Yours, etc.

BRODY O'CONNOR & O'CONNOR
Attorneys for Defendant
WAL-MART STORES EAST, LP I/S/H/A
WALMART, INC.

By: _____
    PATRICIA A. O'CONNOR
    7 Bayview Avenue
    Northport, New York  11768
    (631) 261-7778
    File No.: WM 21-179 PC

TO:   SOBO & SOBO, LLP
      Attorneys for Plaintiff
      One Dolson Avenue
      Middletown, New York  10940
      (845) 343-0466

Case 7:21-cv-05778-NSR   Document 1-1   Filed 07/06/21   Page 17 of 17

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
   February 26, 2021

             _____

             PATRICIA A. O'CONNOR